UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE
OF MICHIGAN,

              Plaintiff,                         Hon. Janet T. Neff

v.                                        Case No. 1:18 CV 1218

NICHOLAS BOGAERT,

              Defendant.

_____/

## REPORT AND RECOMMENDATION

On September 19, 2018, Defendant was issued a citation charging him with unlawful possession of marijuana. (ECF No. 1-1 at PageID.14). A misdemeanor criminal complaint was subsequently initiated against Defendant on or about October 4, 2018. (ECF No. 1-1 at PageID.16). On or about October 22, 2018, Defendant was served a Notice to Appear in 84th District Court. (ECF No. 1-1 at PageID.15). On October 30, 2018, Defendant filed in this Court a Notice of Removal purporting to remove to this Court the misdemeanor criminal action initiated against him by the State of Michigan. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **remanded** to state court.

## ANALYSIS

Removal of a state court criminal action to a federal district court is an exceptional circumstance permitted in only rare circumstances. Criminal prosecutions against certain federal officials and members of the armed forces are subject to removal. *See* 28 U.S.C. §§ 1442, 1442a.

Otherwise, removal of a state criminal action is governed by federal statute which permits removal of a criminal action in the following circumstances:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443

To justify removal under § 1443(1), the removing defendant must satisfy a two-pronged test.  First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Commonwealth of Kentucky v. Binyah*, 2016 WL 154130 at *2 (W.D. Ky., Jan. 21, 2016) (citations omitted).  Second, the removing defendant "must show that he cannot enforce the specified federal right in state court."  *Ibid.* (citation omitted).  This requires the removing defendant to identify "a formal expression of state law, such as a state legislative or constitutional provision" which manifests the state's refusal to respect the federal right in question.  *Ibid.* (citation omitted). As for removal under § 1443(2), such is "available only to state officers."  *Ambassador at Large Potentate Abiyah Habin Yah v. Commonwealth of Kentucky*, 2017 WL 489423 at *2 (W.D. Ky., Feb. 10, 2017) (citations omitted).

Defendant asserts that removal of this matter is appropriate because he cannot lawfully be charged with possession of marijuana given his membership in a recognized Indian Tribe.  However, even if the Court assumes that Defendant possesses such a right, Defendant has failed to identify any "formal expression of state law" indicating or suggesting that the State of Michigan refuses to respect or enforce the federal right in question.  Thus, removal is not

appropriate under 28 U.S.C. § 1443(1).   Removal under 28 U.S.C. § 1443(2) is also not appropriate as Defendant does not allege that he is a state officer.

Simply put, Defendant has failed to establish that this matter satisfies one of the exceptional circumstances in which removal of a state court criminal prosecution is permitted. Accordingly, the undersigned recommends that this matter be remanded to state court.  *See* 28 U.S.C. § 1445(b)(4) ("if it clearly appears. . .that removal should not be permitted, the court shall make an order for summary remand").

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that this matter be **remanded** to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 27, 2018               /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge